## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| ALEX DAVIS , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-00152 |
| | ) | JUDGE HAYNES |
| WAYNE COUNTY JUSTICE CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff, Alex Davis, an inmate at the Wayne County Justice Center in Waynesboro, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendant, the Justice Center alleging a violation of his federal rights.

According to Plaintiff's complaint, on November 5, 2014, Plaintiff received legal mail from his attorney that was already opened outside his presence. Plaintiff does not identify who opened his mail, but his jail grievance attached to his complaint reflects Plaintiff's statement that two correctional officers "witnessed it." The grievance documents also reflect that jail authority's responded that policy requires mail identified as legal mail to be opened by the inmate in the presence of staff, and apologized for any mistake. The jail authorities reassured Plaintiff that they would take action to try to prevent future mistakes.

The complaint is before the Court for an initial review pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging

the conditions of confinement, 42 U.S.C. § 1997e(c). For this review, the Court must evaluate whether the complaint, or any portion thereof fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Moreover, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citation omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits.").

To state a § 1983 claim, a plaintiff must allege a deprivation of rights secured by the Constitution and laws of the United States and that "the deprivation was caused by a person

acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff names the Wayne County Justice Center as the sole Defendant to this action. A "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). Plaintiff's claim against the Justice Center must be **DISMISSED**.

Further, Plaintiff has not alleged facts that the cited violation was under the authority of an unconstitutional policy or custom adopted by the county. Plaintiff alleges that the opening of his legal mail outside his presence was contrary to applicable policy. Accordingly, Plaintiff does not state a claim against Wayne County even if the county were a named defendant in lieu of the jail. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [Plaintiff's] injuries only if those injuries were the result of an unconstitutional policy or custom of the County."). Plaintiff's suit, therefore, fails to state a claim under § 1983.

For the reasons set forth herein, Plaintiff's complaint fails to state a claim for which relief can be granted.

An appropriate Order is filed herewith.

**ENTERED** this the _23rd_ day of January, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge